UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EAST MAINE BAPTIST CHURCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-962 CAS |
| | ) | |
| REGIONS BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Marshall & Stevens, Inc. for leave to file an amended answer to plaintiffs' Third Amended Class Action Petition. This motion is unopposed. For the following reasons the Court will grant Marshall & Stevens, Inc.'s motion for leave to file an amended answer.

**Standard**

A party may amend its answer within twenty days after it is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend the answer only by leave of court or by written consent of the adverse party. Id. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)) (discussing leave to amend complaint).

Delay in seeking to amend, alone, is an insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455 (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id.

**Discussion**

Marshall & Stevens, Inc. seeks to amend its answer to add an affirmative defense. There is no evidence that the motion was filed in bad faith or with dilatory motive. The motion was filed outside of the deadline to amend the pleadings under the Case Management Order of January 6, 2006, but the delay in seeking leave to amend alone is not cause to deny the motion. Plaintiffs must be prejudiced by the proposed amendment and any prejudice to them must be weighed against the prejudice to Marshall & Stevens, Inc. if the amendment is not allowed. The Court believes that the plaintiffs will not be prejudiced because they did not oppose the motion. Finally, the proposed amendment is not futile, because it raises a defense which remains at issue in this case. Therefore, the Court will grant Marshall & Stevens, Inc.'s motion for leave to file an amended answer.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Marshall & Stevens, Inc.'s motion for leave to file an amended answer is **GRANTED**. [Doc. 72]

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach the attachment from Doc. 72, and file it as defendant Marshall & Stevens, Inc.'s Amended Answer to Plaintiffs' Third Amended Class Action Petition.

                                               */s/ Charles A. Shaw*
                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of January, 2007.