UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EAST MAINE BAPTIST CHURCH, et al., )
　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs, 　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　v. 　　　　　　　　　　　　　　　) 　　No. 4:05-CV-962 CAS
　　　　　　　　　　　　　　　　　　)
UNION PLANTERS BANK, N.A., et al., 　)
　　　　　　　　　　　　　　　　　　)
　　　Defendants. 　　　　　　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion for Leave to File a Surreply to Defendant Regions Bank's Reply Memorandum in Support of its Motion for Summary Judgment on Counts I, II, III, X, and XIV Based on the Statute of Limitations. Plaintiffs seek leave to file a surreply to (1) respond to the Bank's assertion that one of plaintiffs' footnotes is "false and misleading"; (2) respond to two exhibits attached to the Bank's Response to Plaintiffs' Additional Uncontroverted Material Facts and Statement of Additional Material Facts; and (3) correct the Bank's alleged "misapprehension" of plaintiffs' tolling argument. The Court will deny the motion for the reasons set forth below.

The Court is not persuaded that a surreply is necessary to dispute whether a particular footnote in the plaintiffs' response to summary judgment is "false and misleading." The Court is well-aware that litigation is often contentious, and that counsel may subjectively construe statements of opposing counsel to be false or misleading. The Court has the capacity to evaluate such argument in the context of the case and the briefings, and does not need the benefit of a surreply on this issue.

Secondly, plaintiffs state that the Bank attached two exhibits to its Response to Plaintiffs' Additional Uncontroverted Material Facts & Statement of Additional Material Facts. Plaintiffs seek leave to file a surreply to clarify these exhibits. The Court finds that Exhibits A and B to the Bank's response to plaintiffs' statement of additional material facts do not require clarification. The excerpt of the deposition testimony in Exhibit A reveals the context of the line of questioning. Additionally, the Bank specifically refers the Court to paragraphs 13-14, 32-33, and 36-38 of its initial statement of facts to determine the group of addressees of Exhibit B. Moreover, the Bank has not presented additional facts to which plaintiffs would be required to respond. The Bank's filing simply responds to the 32 numbered paragraphs contained in plaintiffs' statement of additional material facts.

Finally, plaintiffs seek leave to file a surreply to clarify the Bank's "misreading of Plaintiffs' arguments." Plaintiffs are not seeking to respond to any new argument raised by the Bank in its reply brief, but simply seek to reopen argument on the issue of tolling. The Court finds that this is not the proper scope of a surreply.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Surreply to Defendant Regions Bank's Reply Memorandum in Support of its Motion for Summary Judgment on Counts I, II, III, X, and XIV Based on Statute of Limitations (Doc. 83) is **DENIED**.

                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this 16th day of February, 2007.