UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EAST MAINE BAPTIST CHURCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | No. 4:05-CV-962 CAS |
| | ) | |
| REGIONS BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Amend Case Management Order and Order Referring Case to Alternative Dispute Resolution. Defendant Regions Bank ("Regions") opposes the motion. Plaintiffs' counsel Ms. Sheila Greenbaum informed chambers personnel on April 9, 2007 that plaintiffs will not file a reply in support of their motion. The Court therefore considers the motion is fully briefed, and will deny it for the reasons set forth below.

I.

Plaintiffs seek to modify the Order Referring Case to Alternative Dispute Resolution to extend the date for completion of mediation from April 20, 2007 to May 31, 2007. Plaintiffs assert that the "case is not currently in a position to be mediated" because (1) their motion to appoint counsel for the class remains pending, and (2) defendant Regions has objected to the production of certain documents subpoenaed from its experts and has refused to produce any of the documents requested by the subpoenas, which caused plaintiffs to postpone the three expert depositions and "will necessitate the filing of a Motion to Compel and its resolution, prior to Plaintiffs being able to

complete the depositions of said experts." Mot. to Amend at 2.[1] The Court will address in turn the two points offered by plaintiffs to support their motion for continuance of the alternative dispute resolution deadline.

With respect to the issue of certification of class counsel, Regions responds that plaintiffs have not cited any cases addressing whether the parties to a class action can engage in mediation when class counsel has not been appointed. Regions affirmatively asserts that a court can certify a class action and approve a settlement simultaneously, citing 5 James Wm. Moore, et al., Moore's Federal Practice § 23.161[2][a] (3d ed. 2006), and Amchem Products, Inc. v. Windsor, 521 U.S. 591, 618 (1997) ("the 'settlement only' class has become a stock device"). Regions contends that the parties may therefore negotiate a settlement before class counsel is appointed.

The Court agrees with Regions that mediation can proceed before appointment of class counsel. As a result, the Court is not persuaded that the pendency of plaintiffs' motion for appointment of class counsel alone establishes cause for continuing the alternative dispute resolution completion deadline.

With respect to the issue of expert witness depositions, Regions states that plaintiffs issued subpoenas for its expert witnesses and Regions objected to requests for documents that were attached to the expert reports or were already in plaintiffs' possession. Regions notes that plaintiffs do not identify any specific documents they do not have but require for taking the experts' depositions, and it asserts that plaintiffs have not advised Regions of any specific documents that they do not have that are needed to take the depositions. Regions also states that plaintiffs' assertion that Regions has refused to produce any documents requested by the subpoenas is false, as on March 26, 2007, it

---

[1]The Court notes that plaintiffs have not filed a motion to compel with respect to the subpoenas.

delivered to plaintiffs a box of documents responsive to all three subpoenas, including correspondence, invoices from the experts and three notebooks with documents coordinated to one of the expert's reports. Regions contends that plaintiffs have the documents referenced in the expert reports and that documents responsive to the subpoenas were produced.

Regions also states that it believes plaintiffs cancelled the depositions of the expert witnesses for reasons other than its objections to the subpoenaed documents. Regions states that plaintiffs cancelled the expert deposition of Mr. Zetlmeisl which was scheduled for March 27, 2007, by telephone call at 4:55 p.m. on March 26, 2007. Regions states that this call occurred after plaintiffs (1) received Regions' objections to the subpoena on March 23, 2007, (2) heard Regions' explanation that plaintiffs already had possession of most of the documents for which objections were made, and (3) received the box of documents produced by Regions on March 26, 2007. Regions states that plaintiffs' counsel sent an e-mail on March 26, 2007 at 1:42 p.m. stating that they would take the deposition of Mr. Zetlmeisl as scheduled on March 27, 2007, only to cancel it several hours later by telephone call. Regions notes that plaintiffs also canceled the deposition of a non-expert witness, defendant Chlebowski, which was scheduled for the same week as the Zetlmeisl deposition and which had nothing to do with the objections to certain portions of the subpoenas.

Plaintiffs do not rebut Regions' assertions concerning its production of responsive documents or the events leading to the cancellation of the Zetlmeisl deposition. Plaintiffs do not specify the documents they subpoenaed but have not received, or explain how the absence of these documents prevented them from taking the experts' depositions. In the absence of such a necessary showing, the Court is not persuaded that plaintiffs' choice to postpone the experts' depositions establishes cause to continue the alternative dispute resolution deadline.

3

Plaintiffs' motion to amend the Order Referring Case to Alternative Dispute Resolution by extending the completion deadline should therefore be denied.

II.

Plaintiffs move to amend the Case Management Order with respect to dates concerning disclosure and deposition of expert witnesses, by extending several of the dates for approximately thirty days.[2] In particular, plaintiffs wish to modify the date by which they must disclose their rebuttal expert witnesses, from May 2, 2007 to June 4, 2007, with the witnesses to be made available for deposition by July 6, 2007. In support, plaintiffs state that expert witnesses Anthony Guthrie and Robert Zises were unavailable prior to the April 2, 2007 deadline established by the Case Management Order, and reiterate that Regions' objections to the subpoenas as discussed above have necessarily delayed the depositions.

Regions responds that its expert witnesses were available well prior to April 2, 2007, but depositions were not conducted by that time because plaintiffs' counsel stated in an e-mail dated March 2, 2007 that he was only available to take the depositions on March 27 through March 30, 2007, or April 9 through April 11, 2007. Plaintiffs' counsel noted that the latter dates were after the deadline, but remarked "who cares". See Ex. A to Region's Reply. Regions states that counsel for defendant Marshall & Stevens, Inc. was not available on March 28 or 29, 2007, but was available on March 27 and April 9 through 11, 2007, so the Zetlmeiser expert deposition was set for March 27, and depositions of the other experts were set for April 10 (Guthrie) and April 11 (Zises). As stated above, the deposition of defendant Chlebowski had been scheduled for March 30, 2007, but was cancelled by plaintiffs.

---

[2]The Case Management Order was issued on January 6, 2006, and was modified and amended by Orders dated July 26, 2006, September 8, 2006, and November 27, 2006.

Regions states that it deposed the plaintiffs' expert and provided its experts' reports within the sixty-day period after receipt of plaintiffs' expert report as required by the Case Management Order, and asserts that plaintiffs should be subject to the same requirements and not have ninety days to disclose rebuttal expert witnesses as they request.

The Court credits Regions' assertions that its expert witnesses were available prior to the April 2, 2007 deadline established in the Case Management Order. As stated above, plaintiffs fail to specify what documents they subpoenaed but did not receive from Regions, and why those documents are needed in order to take the deposition of Regions' experts. Plaintiffs have not, therefore, established any good cause which prevented them from taking the depositions of Regions' expert witnesses within the applicable deadline. The Court will not reward plaintiffs' imprudence in taking a carefree approach to the deadlines in the Case Management Order by extending those deadlines any further. Plaintiffs' motion to amend the Case Management Order should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Case Management Order and Order Referring Case to Alternative Dispute Resolution is **DENIED** in all respects. [Doc. 105]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of April, 2007.