# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| EAST MAINE BAPTIST CHURCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-962 CAS |
| | ) | |
| REGIONS BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant Regions Bank's Motion to Compel Discovery Responses and plaintiffs' Motion to Quash Subpoena. For the following reasons, the Court will grant defendant Regions Bank's (the "Bank") Motion to Compel Discovery Responses and deny plaintiffs' Motion to Quash Subpoena.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

As both this Court and the Missouri Supreme Court have noted, the underlying facts of this case are complex. See Union Planters Bank, N.A. v. Kendrick, 142 S.W.3d 729, 737 (Mo. 2004) (en banc). For purposes of the instant motion, the Court will abbreviate its discussion of the factual background and highlight only those portions relevant to the present discovery disputes.

Plaintiffs filed this class action in Missouri state court on November 12, 1999. Plaintiffs bring this action on behalf of themselves and approximately 650 other purchasers of bonds issued by Arch Leasing Corporation Trust, seeking to recover damages for losses they allegedly incurred on the bonds. On May 12, 2003, this action was originally certified as a class action by the state court under Rule 52.08 of the Missouri Rules of Civil Procedure.

After class certification, defendants sought a writ of prohibition in the Missouri Supreme Court ordering the judge of the state court to decertify the class action because of conflicts of interest between class counsel and the class. Defendants argued that class counsel's acceptance of a substantial amount of money from some defendants to initiate this class action against other defendants created this conflict of interest. The Missouri Supreme Court agreed, and issued a writ of prohibition. The court remanded the case to find an appropriate remedy or to decertify the class. See Union Planters Bank, 142 S.W.3d 729.

On November 24, 2004, presumably as a result of the issuance of this writ, class counsel withdrew from its representation of the class and current counsel, Capes, Sokol, Goodman & Sarachan, P.C. ("Capes Sokol"), entered as attorneys for the class. The case was later removed to this Court, and on February 15, 2007, this Court issued an order on defendants' motion to decertify. In addition to decertifying several counts, the Court ordered plaintiffs to file an application for appointment as class counsel pursuant to Federal Rule of Civil Procedure 23(g). The current discovery disputes arise out of discovery that the Bank seeks to obtain in order to oppose plaintiffs' application for appointment as class counsel.

## II. DISCUSSION

### A. Plaintiffs' Motion to Quash

#### (1) Plaintiffs' Objection Based on the Attorney-Client Privilege and Work Product Doctrine[1]

---

[1] First, plaintiffs argue that the Bank's subpoena should be quashed because it allowed only eleven days for response, and that this time period is unreasonably short. Plaintiffs state that Federal Rule 45 sets fourteen days as a presumptively reasonable time for response. For authority, plaintiffs rely on the provision of Rule 45 that allows a party to file objections to the subpoena within fourteen days of service. Plaintiffs' argument is moot; however, the Court notes that Federal Rule 45 does not set fourteen days as a presumptive time limit for a reasonable time to respond to a

Plaintiffs move to quash the subpoena because it seeks documents protected by the attorney-client privilege and the work product doctrine. Plaintiffs argue that Document Request Nos. 1 and 6 are overly broad in scope and include documents protected from disclosure by these privileges.

Document Request Nos. 1 and 6 seek the following documents:

> 1. All documents of any communications during the years 2004, 2005, 2006 and 2007 regarding your representation of the plaintiffs in the Lawsuit, including, but not limited to, any notes of any conversations regarding any of the following: (i) any initial inquiries regarding the potential of your firm's representation of the plaintiffs, (ii) any conflict checks related to the above Lawsuit, (iii) any fee arrangements related to the Lawsuit, (iv) the engagement of you as attorneys for the plaintiffs in the Lawsuit, and, (v) your substitution as counsel for the plaintiffs in the Lawsuit.[2]

> 6. All documents reflecting the conflict checks by you related to this Lawsuit.

The Bank responds with eight separate arguments as to why the requested documents are not privileged. The Bank states that the majority of the requested documents concern communications between counsel and third parties, and are therefore not privileged. Furthermore, the Bank argues that plaintiffs have waived any privilege because their engagement letter with prior class counsel stated that privileged and confidential information might be shared with third parties, and therefore plaintiffs had no expectation of confidentiality.

The Court finds that Document Request No. 1 is overly broad and might include documents that contain confidential client communications or work product. If the request were limited to the enumerated issues (i) through (v), however, the request would be more narrowly tailored to obtaining

---

subpoena. See Fed. R. Civ. P. 45(c)(2)(B) (stating that a party may serve written objections "before time specified for compliance [with the subpoena] if such time is less than 14 days after service").

[2] Plaintiffs state that the relevant time period for this request is ambiguous because the Bank has defined "lawsuit" to include the time period that the case was pending in the state court. Based on the plain reading of the request, the relevant time frame is the years 2004, 2005, 2006 and 2007.

relevant non-privileged information. The Court finds that the Bank is entitled to documents regarding: (i) any initial inquiries regarding the potential of Capes Sokol's representation of the plaintiffs, (ii) any conflict checks related to the lawsuit, (iii) any fee arrangements related to the lawsuit, (iv) the engagement of Capes Sokol as attorneys for the plaintiffs, and (v) Capes Sokol's substitution as counsel for the plaintiffs in the lawsuit. To the extent plaintiffs contend that any documents related to these specific areas of inquiry are privileged, they should submit a privilege log to the Bank in accordance with Federal Rule 45(d)(2). If the Bank contests plaintiffs' claim of privilege as to any documents identified on the privilege log, the Court may conduct an in camera review of the documents.

Document Request No. 6 requires disclosure of documents regarding Capes Sokol's conflict checks related to this action. Case law on the issue of whether conflict checks are privileged is sparse. It is unclear to the Court how conflict checks would disclose confidential client communication or mental impressions and opinions of the attorneys, as plaintiffs contend. Only one of the two cases cited by plaintiffs supports their argument that documents relating to a conflict checks are privileged, Bank Brussels Lambert v. Credit Lyonnais (Suisse), S.A., 220 F. Supp. 2d 283, 285 (S.D.N.Y. 2002). However, in that case the law firm had already produced its "conflicts memos, new matter forms, and correspondence concerning efforts to obtain conflict waivers." Id. The only issue in Bank Brussels Lambert was whether the law firm's documents described on its privilege logs as "internal review of representation issues" were privileged from disclosure to the firm's client. Id. at 287.

The Court finds that Document Request No. 6, on its face, does not seek the disclosure of privileged information. The production of conflict memoranda, new matter forms, and

4

correspondence regarding conflicts is not protected by the attorney-client privilege or work product doctrine. As applied to Capes Sokol, however, it is possible that the document request may seek the disclosure of some privileged communications. If that is the case, plaintiffs should submit a privilege log to the Bank in accordance with Federal Rule 45(d)(2). Again, if the Bank contests plaintiffs' claim of privilege as to any documents identified on the privilege log, the Court may conduct an <u>in camera</u> review of the documents.

(2)      <u>Plaintiffs' Objection as to Relevance and Materiality</u>

The Bank's subpoena seeks documents related to the alleged conflict of interest of Capes Sokol that might impact their ability to fairly and adequately represent the plaintiff class. Specifically, Document Request No. 2 seeks all document related to Capes Sokol's attempts to recovery money paid by Liss and Company to prior counsel for plaintiffs; Document Request Nos. 3 and 4 seek communications between Capes Sokol and defendants Jerome Liss and Liss and Company; Document Request No. 5 seeks documents regarding communications between Capes Sokol and attorney Richard Greenberg regarding this suit; Document Request No. 6 seeks documents related to conflict checks by Capes Sokol; and Document Request No. 7 seeks copies of engagement letters between plaintiffs and their prior counsel and plaintiffs and Capes Sokol. Plaintiffs object that these documents are irrelevant and have no bearing upon whether Capes Sokol will adequately represent the class.

Plaintiffs' relevancy argument must be examined in the context of the history of this lawsuit. The Court need look no further than the Missouri Supreme Court's opinion in <u>Union Planters Bank</u>, 142 S.W.3d 729, to find that the discovery the Bank seeks is relevant to the Rule 23(g) inquiry regarding whether class counsel will fairly and adequately represent the interest of the class. The Missouri Supreme Court found that the trial court has a continuing duty in a class action to scrutinize

class attorneys to see that they are adequately protecting the interests of the class. "[A]ny conduct that suggests that class counsel may have been engaging in unethical behavior is relevant in determining the adequacy of the representation. . . . [S]ome courts have authorized discovery by the opposing party to determine whether class counsel's behavior satisfies all ethical standards." Union Planters Bank 142 S.W.3d at 739 n.7 (quoting Wright, Miller & Kate, Federal Practice and Procedure, § 1769.1 (2d ed. 1986)).

In assessing the ability of class counsel to represent the class, the Missouri Supreme Court found that the trial court should use broad administrative and adjudicative power to see that the absentee class members are "represented by counsel who is ethically as well as intellectually competent to represent them." Id. at 740. Citing several federal court opinions, the Court stated that when class counsel has a conflict of interest or has engaged in conduct prohibited by the Rules of Professional Conduct, courts have refused to certify or have decertified the class. Id. at 740-41. The Missouri Supreme Court also found it inappropriate for class counsel, as opposed to the class representatives, to control the lawsuit. Id. at 738. Although the Court stated that a remedy short of attorney disqualification might cure the former class counsel's conflict in this case, it stated that "at the very least, new counsel must be retained to investigate, evaluate, and, if appropriate, prosecute class claims against [Jerome Liss, principal owner of J.E. Liss and Company, Inc.,] and/or the brokers." Id. at 742.

The Bank alleges that Capes Sokol's representation of the class violates the Missouri Rules of Professional Conduct because the firm has a potential conflict of interest arising out of two of its attorneys' prior association with the firm Rosenblum, Goldenhersh, Silverstein & Zafft (the

"Rosenblum firm"). The Bank contends that this conflict of interest would prohibit Capes Sokol from fairly and adequately representing the interests of the class.

Prior class counsel, the law firm of Spencer Fane Britt & Browne, LLP ("Spencer Fane"), was disqualified from this case because it accepted a $100,000 loan from Jerome Liss ("Liss") and another potential defendant to finance plaintiffs' lawsuit, in return for the promise not to sue Liss and the other potential defendant. The Missouri Supreme Court ruled that this created a conflict of interest and new class counsel must be retained. Union Planters Bank, 142 S.W.3d at 742. As a result of this opinion, Capes Sokol stepped into this case as class counsel in November 2004 after Spencer Fane was disqualified. Attorneys Mark Goodman and Sanford J. Boxerman are currently partners at Capes Sokol, and Mr. Goodman actively represents the named plaintiffs in this case.

Prior to forming Capes Sokol, both Mr. Boxerman and Mr. Goodman were employed by the Rosenblum firm. While at the Rosenblum firm, Mr. Boxerman represented defendant Liss in this very lawsuit. Mr. Goodman was also a partner at the Rosenblum firm with Mr. Boxerman at the time defendant Liss was represented by Mr. Boxerman. Subsequently, another lawyer at the Rosenblum firm began representing Liss, and Mr. Boxerman and Mr. Goodman left the firm and formed Capes Sokol. It is unclear how Capes Sokol began to represent the class in this case. The only evidence in the record is an engagement letter sent to the named plaintiffs in March 2005, four months after Capes Sokol entered an appearance on the plaintiffs' behalf, and the engagement letter is not signed by any of the plaintiffs.

Federal Rule of Civil Procedure 23(g) requires that the Court appoint class counsel to fairly and adequately represent the interests of the class. The Rule sets out several criteria the Court must consider, and then states that the Court also may consider "any other matter pertinent to counsel's

ability to fairly and adequately represent the interests of the class" and "may direct potential class counsel to provide information on any subject pertinent to the appointment." Fed. R. Civ. P. 23(g)(1)(C).

Based on this history of this class action and, more specifically, the writ of prohibition issued by the Missouri Supreme Court, the Court finds that Capes Sokol's potential conflict of interest in representing the class arising out of Messrs. Goodman and Boxerman's prior association with the Rosenblum firm is relevant to the Rule 23(g) inquiry. Further, the Court finds that Capes Sokol's actions with respect to its investigation or evaluation of claims against Jerome Liss and Liss and Company, including any attempts to recover amounts loaned by Jerome Liss or Liss and Company to prior class counsel, are relevant to whether it can adequately represent the class. Therefore, the Court finds that the Bank's Document Request Nos. 2-7 are relevant and material to the issue of whether plaintiffs' counsel can be appointed class counsel pursuant to Rule 23(g).

**B.**     **The Bank's Motion to Compel**

The Bank moves to compel plaintiffs to fully and completely answer interrogatories and document requests seeking information and documents concerning how Capes Sokol came to represent the class in this action, including engagement letters, correspondence between former and current class counsel, fee arrangements, and the disposition of the $100,000 loan from the Liss defendants. Plaintiffs objected to these interrogatories and document requests, asserting the attorney-client privilege or work product protection. Plaintiffs' response to the Bank's motion to compel, however, does not assert the attorney-client privilege or work product doctrine. Instead, plaintiffs assert that the requested information is not relevant to the motion for appointment as class counsel and that the Bank is attempting "to pervert the intent of the process contemplated by Rule 23(g)" by

engaging in discovery of matters that the Bank, not the Court, believes may be pertinent to counsel's ability to fairly and adequately represent the class.

The Court finds that plaintiffs did not timely raise their relevancy objections. Even assuming that the objections were properly raised, however, the Court overrules these objections for the reasons stated in Part II.A(2), <u>supra</u>.

With respect to plaintiffs' objections to the written discovery based on the attorney-client privilege or work product doctrine, plaintiffs have not briefed these objections for the Court.[3] Therefore, the Court cannot evaluate the merit of plaintiffs' objections to any specific interrogatory or document request. The Bank's written discovery requests, however, seek many of the same documents and much of the same information as the document requests served with the subpoena. The Court has already ruled that the Bank is entitled to this material. <u>See</u> Part II.A(1), <u>supra</u>. Some of the Bank's written discovery requests might draw within their scope privileged communications. If so, plaintiffs should submit a privilege log to the Bank in accordance with Federal Rule 45(d)(2). If the Bank contests plaintiffs' claim of privilege as to any documents identified on the privilege log, the Court may conduct an <u>in camera</u> review of the documents.

## III.     CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Quash the Subpoena is **DENIED**.

[Doc. 92]

---

[3]     Plaintiffs briefed their objections based on attorney-client privilege and work product doctrine only with respect to Document Request Nos. 1 and 6 pursuant to the subpoena. The Court addressed these objections in Part II.A(1), <u>supra</u>.

**IT IS FURTHER ORDERED** that defendant Regions Bank's Motion to Compel Discovery Responses is **GRANTED.** [Doc. 94]

**IT IS FURTHER ORDERED** that plaintiffs shall (1) respond to defendant Regions Bank's interrogatories and document requests; and (2) produce documents responsive to the subpoena by May 24, 2007.

**IT IS FURTHER ORDERED** that plaintiffs shall produce Mark Goodman for deposition by May 31, 2007.

**IT IS FURTHER ORDERED** that defendant Regions Bank shall file its response to plaintiffs' Motion for Appointment of Class Counsel by June 7, 2007.

**IT IS FURTHER ORDERED** that the hearing set on May 25, 2007 on plaintiffs' Motion to Quash Subpoena and defendant Regions Bank's Motion to Compel Discovery Responses is **VACATED**.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this 10th day of May, 2007.