UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EAST MAINE BAPTIST CHURCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:05-CV-962 CAS |
| | ) |
| REGIONS BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion for Appointment of Class Counsel. Defendant Regions Bank ("the Bank") has responded to the motion. Although the Bank argues class counsel has a conflict of interest in representing the class against defendants Jerome E. Liss and J.E. Liss & Company, Inc. ("the Liss defendants"), the Bank does not oppose the appointment of class counsel to represent the claims of plaintiffs against the remaining defendants. The Court recognizes the substantial work performed by class counsel in this complex case. Unbeknownst to counsel, however, it was operating under a conflict of interest that was revealed only after this case had been pending more than seven years. For the following reasons, the Court will deny plaintiffs' motion for appointment of class counsel without prejudice.

**I.    Background**

Plaintiffs filed this class action in Missouri state court on November 12, 1999. Plaintiffs bring this action on behalf of themselves and approximately 650 other purchasers of bonds issued by Arch Leasing Corporation Trust, seeking to recover damages for losses they allegedly incurred on the bonds. On May 12, 2003, this action was originally certified as a class action by the state court under

Rule 52.08 of the Missouri Rules of Civil Procedure. Plaintiffs were originally represented by Gerald Greiman and Daniel Conlisk from the law firm Spencer Fane Britt and Browne ("Spencer Fane").[1]

After class certification, defendants sought a writ of prohibition in the Missouri Supreme Court ordering the judge of the state court to decertify the class action because of conflicts of interest between Spencer Fane and the class. Defendants argued that class counsel accepted a substantial amount of money from some defendants to initiate this class action against other defendants. Among the defendants fronting the money for this action was Jerome E. Liss, the principal owner of J.E. Liss & Company, Inc., an investment banking and brokerage firm. Along with several brokers who sold the bonds to plaintiffs, the Liss defendants gave approximately $120,000 to Spencer Fane in return for an "implicit understanding" that counsel would not pursue claims against the brokers or the Liss defendants.

Although Spencer Fane did not pursue claims against the brokers or the Liss defendants, on March 9, 2000, defendant Marshall & Stevens, Inc. filed a third-party petition against the Liss defendants. On May 30, 2000, Richard E. Greenberg and Sanford J. Boxerman and the firm of Rosenblum, Goldenhersh, Silverstein & Zafft, P.C. ("the Rosenblum firm") entered their appearance on behalf of the Liss defendants. On October 27, 2000, Mr. Greenberg left the Rosenblum firm and joined Greensfelder, Hempker & Gale ("Greensfelder"). Mr. Greenberg took this case with him, and continued to represent the Liss defendants at Greensfelder until November 24, 2004. Because Mr. Greenberg took the client with him when he switched firms, Mr. Boxerman's involvement in the case was limited to representing the Liss defendants from May 25, 2000 to October 27, 2000. (Pl. Reply,

---

[1] Gerald Greiman was originally with the firm Dankenbring Greiman & Osterhold, LLP, which merged with Spencer Fane Britt & Browne LLP, effective January 1, 2001.

Ex. 4, Boxerman Aff. ¶ 4). During the time in which he represented the Liss defendants, Mr. Boxerman prepared and filed a motion to dismiss with a supporting memorandum, and signed all of the pleadings filed on behalf these defendants. Id. at ¶ 6.

On March 31, 2001, Mr. Boxerman and Mark Goodman were two of four attorneys from the Rosenblum firm who left to join a new firm, Capes, Sokol, Goodman and Sarachan, P.C. ("Capes Sokol"). Mr. Boxerman specializes in areas within the white collar practice group at Capes Sokol; Mr. Goodman practices in the litigation practice group. See Pl. Reply at 13; Sarachan Aff., ¶ 6.

On August 24, 2004, the Missouri Supreme Court issued its order finding class counsel, Spencer Fane, suffered from an insurmountable conflict of interest, and issued a writ of prohibition. The court remanded the case to find an appropriate remedy or to decertify the class. See State ex rel. Union Planters Bank, N.A. v. Kendrick, 142 S.W.3d 729, 737 (Mo. 2004). Although the Supreme Court suggested a remedy short of complete disqualification of Spencer Fane might be appropriate, it stated "at the very least, new counsel must be retained to investigate, evaluate, and, if appropriate, prosecute class claims against the [Liss defendants] and/or the brokers." Id. at 742.

On September 30, 2004, Gerald Greiman from Spencer Fane contacted Mark Goodman about the possibility that Capes Sokol might enter its appearance as substitute counsel for the class. In a letter dated October 18, 2004, Mr. Greiman notified the class that Capes Sokol was willing to represent plaintiffs, and recommended the class retain Capes Sokol to continue the prosecution of the case. Plaintiffs filed a motion to substitute Capes Sokol for Spencer Fane as class counsel. This motion was heard and granted by the state court on November 24, 2004. At this same hearing, the court heard and granted Mr. Greenberg's motion to withdraw as counsel for the Liss defendants. See State Court Record, Ex. 225 and V.

Since November 24, 2004, plaintiffs have been represented by Mark Goodman, Gary Sarachan, David Cosgrove, and Sheila Greenbaum of Capes Sokol. Since November 24, 2004, the Liss defendants have been unrepresented. On May 17, 2005, plaintiffs filed a third amended class action petition that named as defendants J.E. Liss and Company, Inc. and Jerome E. Liss. The Liss defendants are currently in default, although plaintiffs have not sought an entry of default.

From November 24, 2004 to March 14, 2007, Capes Sokol represented the class without any mention from any party about any possible conflict of interest arising out of Mr. Boxerman's representation of the Liss defendants while at the Rosenblum firm in 2000. The case was removed to this Court, and on February 15, 2007, this Court issued an order on defendants' motion to decertify. In addition to decertifying several counts, the Court ordered plaintiffs to file a motion for appointment as class counsel pursuant to Federal Rule of Civil Procedure 23(g). In response to plaintiffs' motion for appointment as class counsel, the Bank served a subpoena on attorney Mark Goodman seeking documents and testimony regarding possible conflicts between Capes Sokol and the class. On March 14, 2007, in support of its motion to compel this information, the Bank filed a memorandum that for the first time addressed the issue of Mr. Boxerman's prior representation of the Liss defendants. See Doc. 95. The first time class counsel became aware of their partner Mr. Boxerman's prior involvement representing the Liss defendants in this case was upon receipt of the Bank's memorandum of March 14, 2007. (Goodman Aff. ¶ 7).

**II. Discussion**

    **A.    Plaintiffs' Counsel Has a Conflict of Interest**

Local Rule 12.02 of the United States District Court for the Eastern District of Missouri adopts the Rules of Professional Conduct adopted by the Supreme Court of Missouri. See E.D. Mo. L.R. 12.02. The Supreme Court of Missouri adopted the Rules of Professional Conduct effective January 1, 1986. See Mo. Sup. Ct. R. 4; Griffen v. East Prairie, Mo. Reorganized Sch. Dist., 945 F. Supp. 1251, 1253 (E.D. Mo. 1996). Based on a plain reading of Missouri Rule 4-1.9, Duties to Former Clients, and Missouri Rule 4-1.10, Imputation of Conflicts of Interest, plaintiffs' counsel has a conflict of interest in representing the class.

Missouri Rule 4-1.9(a) codifies case law that prohibits a lawyer from representing a party with interests adverse to those of a former client who was represented in the same or substantially related matter. See ABA Annotated Model Rules of Prof'l Conduct 1.9 (5th ed. 2003) ("ABA Annotated Model Rules"). Missouri Rule 4-1.9(a) states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Missouri Rule 4-1.9(a).

Subparagraph (b) of Rule 4-1.9 deals with lawyers changing firms, and states:

> (b)    A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Rules 4-1.6 and 4-1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

Missouri Rule 4-1.9(b).

Mr. Boxerman personally represented the Liss defendants against plaintiffs in this matter while at the Rosenblum firm. He entered his appearance on behalf of the Liss defendants on May 25, 2000 and represented these defendants until Mr. Greenberg left the Rosenblum firm with the client on October 27, 2000. Mr. Boxerman's conflict is governed by Missouri Rule 4-1.9(a). See ABA Annotated Model Rules, Rule 1.9. Applying Rule 4-1.9(a), Mr. Boxerman's former representation of the Liss defendants precludes him from representing plaintiffs' class in this matter. Rule 4-1.9(a) does not require inquiry into whether Mr. Boxerman acquired confidential information during his prior representation. Rule 4-1.9(a) bans an attorney who represents a client from representing the other side in the same lawsuit. See also Mo. Bar Informal Advisory Opinion Nos. 20050030, 20020006, 20010035, 980084, 20030007, *available at* <http://www.mobar.org>.

Mr. Goodman did not personally represent the Liss defendants while at the Rosenblum firm, but the firm itself (through Messrs. Greenberg and Boxerman) represented the Liss defendants. Mr. Goodman's conflict would be governed by Missouri Rule 4-1.9(b). See ABA Annotated Model Rules, Rule 1.9. The Court need not determine whether Mr. Goodman has a conflict of interest under Rule 4-1.9(b), however, because pursuant to Missouri Rule 4-1.10(a), Mr. Boxerman's conflict of interest is imputed on all the lawyers at Capes Sokol including Mr. Goodman. Rule 4-1.10(a) states:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 4-1.7 or 4-1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Missouri Rule 4-1.10(a); see also Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1155 (8th Cir. 1999) (finding "[t]he disqualification of the entire firm in question, instead of only the relevant partner, was also proper" where class counsel had conflict of interest with the class).

In their reply brief, plaintiffs argue that a rebuttable presumption applies to permit representation where the conflicted attorney clearly and effectively shows he had no knowledge of confidential information. Plaintiffs also argue a three-part test to determine disqualification. The cases relied upon by plaintiffs apply the Model Code of Professional Responsibility, which was repealed effective January 1, 1986. <u>See</u> Mo. Sup. Ct. R. 4, *repealed by* Rules of Professional Conduct 4-1.1 to 4-9.1. Unlike the Model Code, the Model Rules do not adopt an "appearance of impropriety" standard. The Eighth Circuit and this district court have recognized Model Code cases are of limited use in jurisdictions, such as Missouri, that have adopted the Model Rules. <u>See</u> <u>Petrovic</u>, 200 F.3d at 1155; <u>Harker v. Commissioner of Internal Revenue</u>, 82 F.3d 806, 808-09 (8th Cir. 1996); <u>Gilmore v. Goedecke Co.</u>, 954 F. Supp. 187, 189 (E.D. Mo. 1996).

Plaintiffs also suggest a "Chinese Wall" as an alternative approach to disqualification. They argue that the division of practices at Capes Sokol established a <u>de</u> <u>facto</u> Chinese Wall between Mr. Boxerman and the attorneys and support staff who have participated in this litigation. Plaintiffs state Capes Sokol kept all discussions of this matter within the litigation practice group, of which Mr. Boxerman is not a member.

The Model Rules do not recognize the use of screening procedures as a means of preventing firm disqualification. <u>See</u> ABA Annotated Model Rules, Rule 1.10 ("Although the Ethics 2000 Commission recommended amending Rule 1.10 to permit the use of screening procedures to avoid imputation of some conflicts, this recommendation was not approved."). The Court also finds guidance in the Missouri Bar Association's informal advisory opinions on ethics. Repeatedly, these opinions state that screening or the "erection of an ethical wall" are not methods by which conflicts can be avoided. <u>See, e.g.</u>, Informal Advisory Op. Nos. 20050030, 20030007, 20020006, and

980084, *available at* <http://www.mobar.org>. Plaintiffs' counsel has a clear conflict of interest in representing plaintiffs' class arising out of Mr. Boxerman's representation of the Liss defendants while at the Rosenblum firm.

>  **B.    Plaintiffs' Counsel's Conflict of Interest Preclude It from Representing the Class Against the Liss Defendants**

Federal Rule of Civil Procedure 23(g) sets out the factors a court must consider in appointing class counsel. The Court finds that Capes Sokol satisfies the mandatory factors listed in Rule 23(g)(C)(i). Rule 23(g) also provides that the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(C)(ii). Courts have construed this requirement to include inquiry into any potential conflicts of interest of class counsel. See In re Luxottica Group Sec. Litig., 2004 WL 2370650, *5 (E.D.N.Y. Oct. 22, 2004) (finding Rule 23(g) requires the court to be assured that prior counsel's conflict of interest has not tainted current class counsel); see also In re Integra Realty Res., Inc., 262 F.3d 1089, 1112 (10th Cir. 2001) ("[T]he court remains under a continuing duty to monitor the adequacy of representation to ensure that class counsel provides zealous, competent representation through the proceedings and to address conflicts of interests if they develop."); Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1239 (9th Cir. 1998).

In the historical context of this lawsuit, the Court finds the ethical inquiry particularly relevant. The Missouri Supreme Court and this Court have already found that the trial court has a continuing duty in a class action to scrutinize class attorneys to see that they are adequately protecting the interests of the class. "[A]ny conduct that suggests that class counsel may have been engaging in unethical behavior is relevant in determining the adequacy of the representation." Union Planters

8

Bank, 142 S.W.3d at 739 (quoting Wright, Miller & Kate, Federal Practice and Procedure, § 1769.1 (2d ed. 1986)); see also Doc. 85 at 4 and 24-26. Because original class counsel was disqualified for a conflict of interest, the Court must be careful to avoid any possibility of actual or potential conflicts of interests in new class counsel. See, e.g., Linney, 151 F.3d at 1239 ("[T]he district court must, as it did in this case, inquire into whether impermissible conflict continues to taint the settlement proceedings.")

Federal cases have held that counsel for a putative class may not be appointed class counsel if they have a conflict of interest in representing the class. See 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23-120[3][e] (3d ed. 2007); see, e.g., Ortiz v. Fibreboard Corp., 527 U.S. 815, 856 & n.31 (1999) (finding subclasses required separate representation to eliminate conflicting interests of counsel); Huston v. Imperial Credit Commercial Mortgage Inv. Corp., 179 F. Supp. 2d 1157, 1168-80 (C.D. Cal. 2001) (disqualifying class counsel because of law firm's affiliation with lawyer who performed legal work for defendant on initial public offering materials at issue in suit). In the class action context, the Court must take care in appointing lead counsel to avoid future claims that a settlement is unfair or that representation was inadequate. Such a claim could potentially nullify the effort by the court and the parties in the litigation.

### (1) Class Counsel's Conflict of Interest with the Liss Defendants

This case is especially unique in that the Missouri Supreme Court has previously issued a writ of prohibition to remedy a conflict of interest of former class counsel. The Missouri Supreme Court sought to avoid decertifying the class, and instead offered possible remedies to cure prior class counsel's conflict of interest. The court suggested substituting counsel, but also found that a remedy short of complete disqualification might be appropriate. The Missouri Supreme Court held, however,

9

that "at the very least, new counsel must be retained to investigate, evaluate, and, if appropriate, prosecute class claims against [the Liss defendants]." See Union Planters Bank, 142 S.W.3d at 742.

In very certain terms, the Missouri Supreme Court stated that the remedy to the prior conflict involved retaining new counsel to examine potential claims of the class against the Liss defendants. In light of this pronouncement, the conflict of interest of current class counsel in bringing claims against the Liss defendants is especially troubling. The Court cannot appoint as class counsel a firm that has a conflict of interest in investigating, evaluating, and prosecuting class claims against the Liss defendants. Because of the conflict of interest of current class counsel, the conflict of interest identified by the Missouri Supreme Court has not been cured.

The parties disagree as to whether the claims against the Liss defendants have been vigorously pursued. On May 17, 2005, class counsel amended the class action petition to name as defendants J.E. Liss and Company, Inc. and Jerome E. Liss. These defendants were not served until January 2006. They have never filed a pleading and no attorney has entered an appearance on their behalf. Plaintiffs have not sought an entry of default against the Liss defendants. Plaintiffs' counsel has represented that they have not pursued these claims because they believe Liss lacks adequate assets to satisfy a judgment. Unfortunately, counsel's conflict of interest casts a pall of suspicion on this suit, and subjects the entire proceeding and any settlement to the implication that counsel did not pursue the Liss defendants vigorously because of their conflict of interest.

Additionally, although the Court has no reason to doubt class counsel's representations that it was not aware of the conflict of interest until March 2007, based on the state court record it appears counsel had enough information in November 2004 that a reasonable attorney might question

10

whether a conflict existed. It appears from the state court record that plaintiffs' motion to substitute Capes Sokol as class counsel was heard by Judge Larry Kendrick on November 24, 2004 at 1:30 p.m.—this is the same hearing at which Mr. Greenberg's motion to withdraw as counsel for the Liss defendants was heard. See State Court Record, Ex. 225 and V. Based on the attorneys' signatures on the court's orders, both Mr. Greenberg and Mr. Goodman were present at this hearing. Mr. Greenberg represented the Liss defendants; Mr. Goodman represented the plaintiff class. At this point the case had been pending for many years, and the former partners found themselves on opposing sides. Reasonable attorneys might have questioned whether a conflict of interest existed based on their prior joint association with the Rosenblum firm.

> (2) *Conflict Arising out of the Class's Potential Liability for $120,000 Paid to Former Counsel by the Liss Defendants and Brokers*

The question of who is ultimately liable for $120,000 fee paid to Spencer Fane by the brokers and Liss defendants in return for the understanding that these defendants would not be sued has not been resolved. This money was purportedly spent on legal fees of former class counsel, although the financial arrangements and corresponding understanding were reached before any member of the class was identified. See Union Planters Bank, 142 S.W.3d at 737. The Bank argues that based on Spencer Fane's conflict of interest, the firm is not entitled to retain the $120,000. The Bank states that plaintiffs' attorneys have done nothing to recover any portion of the $120,000 on behalf of the class, but stop short of suggesting that plaintiffs are entitled to this money. Plaintiffs respond that they have no claim to this money, and that counsel was not retained to pursue any claims against former class counsel. (Pl. Reply at 6). Plaintiffs assert this is a "non-issue and totally irrelevant to the calculus under Rule 23(g)." Id.

11

Neither party has adequately briefed this issue, and it is not the position of the Court to craft a legal theory to support a claim for recovery on behalf of the class.[2] It is the Court's duty, however, to assure that the class is adequately represented and to protect the best interests of the class. The Court cannot find the class adequately represented when class counsel has represented that it is not in a position to assert potential claims of the class against its former attorneys.

Based on the record, Spencer Fane essentially retained Capes Sokol to take over the prosecution of this case. (Bank's Resp., Ex. A, Goodman Dep., 13-32). It is not surprising, therefore, that Capes Sokol has not pursued any potential claim on behalf of the class against Spencer Fane. Despite the directive from the Missouri Supreme Court, the Liss defendants have not been vigorously pursued in this litigation. Presumably, if these defendants were pursued, they would assert a claim for the return of the $60,000 they fronted Spencer Fane on behalf of the class and the class might ultimately be liable.[3] Because these funds were improper and were paid before a single class member was identified, the class might have a claim against former class counsel. Current class counsel would not be adequate to represent the class in that claim. They admit as much in their reply brief: "[C]urrent Plaintiffs' counsel was not retained to investigate or to pursue any claims against former Class Counsel. Rather, Capes Sokol was retained solely to take over the representation of

---

[2]Nor is it the duty of the defendant Bank to craft a legal theory to support a claim for recovery on behalf of plaintiffs. In their reply brief, plaintiffs argue that the $120,000 is not recoverable by them, and state "Regions has never explicitly stated the legal theory under which it claims that the Plaintiffs are entitled to recover the funds paid by the brokers to former class counsel." It seems axiomatic that class counsel, not defendant Bank, is charged with the duty of researching legal claims plaintiffs might have against former class counsel.

[3]The Liss defendants provided $60,000 to retain class counsel, and the brokers provided an additional $40,000 plus the remainder of a $20,000 retainer. See Union Planters Bank, 142 S.W.3d at 733.

the Plaintiffs in complex and on-going class action litigation together with all of the demands and time constraints attendant to such representation." (Pl. Reply at 6). Where, as here, current class counsel was essentially retained by former class counsel, and current class counsel admits that they were not retained to investigate potential claims on behalf of the class against former class counsel (and potential claims exist), there is a conflict.

        C.      **<u>Remedies for the Conflicts</u>**

The Bank argues that class counsel's conflict of interest extends only to the Liss defendants. The Bank suggests that the Court should separate the conflict of interest issue with respect to these defendants from the question of the adequacy of representation by plaintiffs' counsel with respect to the claims against the other defendants. (Bank's Resp. at 7).

The Court recognizes the complicated position the class is placed in and the hardship it will incur if Capes Sokol is disqualified as class counsel at this stage in the proceedings. The Court is also mindful that Capes Sokol represented the class for nearly three years before the Bank raised the issue of the conflict of interest. This case is very complex, and has been pending for nearly eight years in three separate courts. Moreover, based on the representations of apparently every attorney and paralegal involved in this case on behalf of Capes Sokol, nobody at the firm was aware of the conflict. Mr. Boxerman had not heard of this case since Mr. Greenberg left the Rosenblum firm with the client in 2000. (Pl. Reply, Ex. 4, Boxerman Aff. ¶ 8). Mr. Boxerman has asserted that he has never discussed the Liss defendants with any person at Capes Sokol, and he has no knowledge or possession of any confidential or privileged information related to these defendants. <u>Id.</u> at ¶ 9. Moreover, Mr. Boxerman's involvement in the case was of a relatively short duration, from May 25, 2000 to October 27, 2000.

There is no per se rule that the continued participation by Capes Sokol constitutes inadequate representation under Rule 23, so long as new and impartial counsel can be added to cure the conflict of interest. See Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1239 (9th Cir. 1998). "The addition of an impartial attorney ensures that vigorous prosecution of the class claims will continue. Further, this course of action protects the class, which certainly would be prejudiced if compelled to retain new counsel, unfamiliar with the pending litigation." Id. In resolving prior class counsel's conflict of interest, the Missouri Supreme Court recognized that a remedy short of complete disqualification might be appropriate to cure a conflict, and that former class counsel might have been able to continue to represent plaintiffs. Union Planters Bank, 142 S.W.3d at 742.

The Court is guided by the Missouri Supreme Court's decision in Union Planters Bank and the Ninth Circuit Court of Appeals' decision in Linney v. Cellular Alaska P'ship. See Union Planters Bank, 142 S.W.3d at 742; Linney, 151 F.3d at 1239. The Court does not believe it is in the best interest of the class to disqualify Capes Sokol. Because of Capes Sokol's conflict of interest, however, new counsel must be retained to represent the class vis-á-vis the Liss defendants. New counsel also must be retained to investigate any potential claim of the class arising out of the $120,000 improperly given to former class counsel by the brokers and the Liss defendants.

The Court is aware that shortly before briefing on this motion was complete, class counsel engaged in successful mediation with all defendants with the exception of the Liss defendants. The Court is also aware of counsel's desire to effectuate the terms of the settlement in an expeditious manner. In compliance with Federal Rule 23, however, the Court must first resolve the issue of appointing class counsel before addressing any motion for approval of settlement. This necessitates resolving the issue of Capes Sokol's conflict of interest. The Court will grant plaintiffs 90 days to

14

retain additional counsel (or substitute counsel) to cure the conflict of interest of Capes Sokol in accordance with this Order. Class counsel shall then file a motion for appointment of class counsel. Once class counsel is appointed, the Court will be in the position to rule on any motion for approval of settlement. Obviously, the Court will continue to inquire into whether any conflict of interest taints the settlement proceedings.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for appointment of class counsel is **DENIED without prejudice**. [Doc. 90]

**IT IS FURTHER ORDERED** that plaintiffs shall have 90 days to retain additional, or substitute, class counsel.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of October, 2007.