UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EAST MAINE BAPTIST CHURCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-962 CAS |
| ) | |
| REGIONS BANK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' second motion for appointment of Capes, Sokol, Goodman & Sarachan, P.C. ("Capes Sokol") as class counsel. No opposition has been filed to the motion. For the following reasons, the Court will grant the motion.

Federal Rule of Civil Procedure 23(g)(1)(A) requires a Court certifying a class to appoint class counsel to fairly and adequately represent the interests of the class. The Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. In its order dated October 12, 2007, the Court found that Capes Sokol met these mandatory requirements of Rule 23. See Doc. 144 at 8.

In addition to these mandatory requirements, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Court has previously found that this requirement includes an inquiry into any potential conflicts of interest of class counsel. Based on a conflict of interest arising out of the prior

involvement of a partner at Capes Sokol in representing the Liss defendants in this case, the Court found Capes Sokol would not fairly and adequately represent the interests of the class as they relate to the Liss defendants. See Doc. 144 at 9-13. The Court ordered plaintiffs to retain additional class counsel to represent them against these defendants. The Court found that so long as new and impartial counsel could be added to cure Capes Sokol's conflict of interest, the Court could appoint Capes Sokol as class counsel. See id.; see also Linney v. Cellular Alaska P'Ship, 151 F.3d 1234, 1239 (9th Cir. 1998).

On December 31, 2007, attorneys Paul Kovacs and Jay Summerville entered their appearance on behalf of plaintiff Susan Duever. Plaintiff Duever filed a motion to approve the appointment of Mr. Kovacs and Mr. Summerville as additional class counsel, which the Court granted on January 14, 2008. See Doc. 151. These attorneys were retained to represent the class vis-á-vis the Liss defendants and to investigate any potential claim of the class arising out of the $120,000 improperly given to former class counsel. The Court found these attorneys had each practiced before the Court for more than thirty years, and Mr. Summerville had substantial experience in representing parties in class action lawsuits. Additionally, the attorneys represented that they would cooperate with existing plaintiffs' counsel to vindicate the interests of the class to the mutual benefit of all members, without compromising their duties of fidelity to the class.

The Court finds that the addition of Mr. Kovacs and Mr. Summerville is sufficient to circumvent the conflict of interest identified by defendant Regions Bank and discussed at length by the Court in its order dated October 12, 2007. See Doc. Nos. 139, 144. In making this determination, the Court is guided by the opinion of the Missouri Supreme Court in State ex rel. Union Planters Bank, N.A. v. Kendrick, 142 S.W.3d 729, 742 (Mo. 2004), and the Ninth Circuit

Court of Appeals' decision in <u>Linney</u>, 151 F.3d at 1239. Having cured their conflict of interest by the addition of Mr. Kovacs and Mr. Summerville, the Court will grant Capes Sokol's second motion for appointment of class counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Appointment of Class Counsel is **GRANTED**. [Doc. 149]

**IT IS FURTHER ORDERED** that the parties shall file a Joint Proposed Scheduling Plan by February 14, 2008 outlining the deadlines they propose to effectuate the terms of their settlement agreement. These deadlines shall include those listed by the parties in paragraphs five and six of their previously submitted Motion for Pretrial Conference. <u>See</u> Doc. 141.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>31st</u> day of January, 2008.