**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**


EAST MAINE BAPTIST CHURCH, et al.,     )
                                        )
        Plaintiffs,                 )
                                          )
        v.                          )     No. 4:05-CV-962 CAS
                                          )
REGIONS BANK, et al.,                  )
                                          )
        Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Default Judgment Against Defendants Jerome E. Liss and J.E. Liss & Company, Inc. For the following reasons, plaintiffs' motion will be denied without prejudice.

**Background**

This class action was originally filed in state court on November 1, 1999. In June 2005, plaintiffs amended their complaint to join as defendants Jerome E. Liss and J.E. Liss & Company, Inc. ("Liss defendants"). Counsel for plaintiffs served the Liss defendants by mail with copies of the Third Amended Complaint and Notice of Lawsuit and Request for Waiver of Service. In response, the Liss defendants executed the waivers of service, and returned them to plaintiffs' counsel. The waivers of service were filed with the Court on February 23, 2006. The deadline for the Liss defendants to file their answers or otherwise respond was April 20, 2006, but no such answer or other pleadings were filed. On February 11, 2008, the Clerk of Court entered the default against the Liss defendants.

Plaintiffs' motion for default judgment seeks a judgment against the Liss defendants jointly and severally in the total amount of $13,631,607.70. None of the remaining defendants has objected to the request.

**Discussion**

The general rule regarding entry of judgment of default against one of several defendants who may be found jointly and severally liable on plaintiff's claim is set forth in Frow v. De la Vega, 82 U.S. 522 (1872). In Frow, the Supreme Court held that the entry of judgment against the defaulting party must await adjudication of liability on the merits as to the answering parties. The Eighth Circuit has followed this rule, stating that "[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved." Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992). "When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." 10 James Wm. Moore, et al., Moore's Federal Practice § 55.25 (3d ed. 2007); Frow, 82 U.S. at 552; see also Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc. 370 F.3d 715, 722 (8th Cir. 2004) (applying Frow to defendants similarly situated); United States ex rel. Costner v. United States, 2003 WL 173850 (8th Cir. Jan. 28, 2003).

This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action. See Nielson v. Chang, 253 F.3d 520, 532 (9th

Cir. 2001). Additionally, although plaintiffs have filed a motion to have the Court certify the requested default judgment as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, courts have found that avoiding logically inconsistent judgments in the same action provides "just reason for delay" within the meaning of Rule 54(b). See Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 434 (E.D. Va. 2006). "However, when the causes of action against multiple defendants arose from independent, concurrent wrongs, default judgment against one defendant is entirely appropriate, even if the other defendants prevail on the merits." 10 Moore's Federal Practice, § 55.25.

The Liss defendants are two of the nine defendants in this case. The remaining seven defendants have answered and are defending this action. Although the Court is aware that the remaining parties have settled this action, the Court has not yet approved the class action settlement and the case is ongoing. Plaintiffs' motion seeks to have the Court enter a judgment against the Liss defendants prior to the resolution of the claims against the remaining defendants. Based upon the third amended class action complaint, it appears that the Liss defendants may be similarly situated to defendants Robert Chlebowski, Lynnette Frownfelter, and Marshall & Stevens, Inc. The Court finds that if default judgment were entered against the Liss defendants at the present time, there is a possibility of inconsistent verdicts. Consistent with the Eighth Circuit's opinions, the Court finds the better practice is to stay the determination of damages against the defaulted Liss defendants until plaintiffs' claims against the remaining defendants are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Default Judgment Against Defendants Jerome E. Liss and J.E. Liss & Company, Inc. is **DENIED without prejudice**. [Doc. 159]

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Certify Default Judgment as Final Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is **DENIED as moot**. [Doc. 161]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>13th</u> day of March, 2008.