UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EAST MAINE BAPTIST CHURCH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:05-CV-962 CAS |
| REGIONS BANK, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' oral motion made on April 3, 2008 during the hearing on preliminary approval of the class action settlement for reconsideration of the following motions: (1) plaintiffs' motion for entry of default judgment and damages against defendants Jerome E. Liss and J.E. Liss & Company, Inc.; and (2) plaintiffs' motion to certify the default judgment as final under Federal Rule of Civil Procedure 54(b). For the following reasons, the Court will grant the plaintiffs' oral motion for reconsideration, and grant plaintiffs' motion for default judgment and motion to certify the default judgment as final.

### I.
### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AND DAMAGES AGAINST DEFENDANTS JEROME E. LISS AND J.E. LISS & COMPANY, INC.

**A.    Background**

This class action was originally filed in state court on November 1, 1999. In June 2005, plaintiffs amended their complaint to join as defendants Jerome E. Liss and J.E. Liss & Company, Inc. (the "Liss defendants"). Counsel for plaintiffs served the Liss defendants by mail with copies of the Third Amended Complaint and Notice of Lawsuit and Request for Waiver of Service. In response,

the Liss defendants executed the waivers of service, and returned them to plaintiffs' counsel. The waivers of service were filed with the Court on February 23, 2006. The deadline for the Liss defendants to file their answers or otherwise respond was April 20, 2006, but no such answer or other pleadings were filed. On February 11, 2008, the Clerk of Court entered default against the Liss defendants. See Doc. 157.

Plaintiffs' motion for default judgment seeks a judgment against the Liss defendants jointly and severally in the total amount of $13,631,607.70.[*] See Doc. 159. None of the remaining defendants has objected to the request.

**B.      Default Judgment Standard**

The entry of a default judgment should be a "rare judicial act." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993). Prior to the entry of a discretionary default judgment, the Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of his claim. 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.20[2][b] (3d ed. 2007); Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980).

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo

---

[*]There is a slight discrepancy between the amount sought in the motion and the amount awarded by the Court. Plaintiffs' motion sought prejudgment interest for a period ending with the filing of the motion on February 11, 2008. The Court will award prejudgment interest for the period ending with the filing of the judgment, on April 10, 2008.

2

Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)).  Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).  If the damages claim is for a sum certain, i.e., a fixed and indisputable amount even if some calculation is needed to determine that amount, damages do not need to be proven in a supplemental hearing or proceeding.  See 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 55.12[2] and 55.20[1][b] (3d ed. 2007).

**C.  Discussion**

    1.  Factual and Procedural Background

As stated above, the record shows that the Liss defendants were served with summons and complaint, but have failed to enter any appearance or file a responsive pleading in this matter.  Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the underlying substantive merits of the claim.

The well-pleaded allegations of plaintiffs' complaint establish that between May 19, 1995 and November 30, 1995, the plaintiff class purchased a series of bonds issued by the Arch Leasing Corporation Trust ("the Trust").  The Trust was organized by principals of St. Louis Leasing Corporation ("SLLC") with the assistance of Jerome E. Liss, the principal owner of J.E. Liss and Company, Inc., an investment banking and brokerage firm, to issue up to $50 million worth of bonds to raise money for SLLC's operations.  The Trust defaulted on the payment of principal and interest on the bonds.

Plaintiffs allege four counts against the Liss defendants: Conspiracy to Defraud (Count XVI); Fraudulent Misrepresentation (Count XXI); Negligent Misrepresentation (Count XXII); and Negligence (Count XXIII). The well-pleaded allegations of plaintiffs' complaint establish that the Liss defendants fraudulently and falsely induced plaintiffs to buy bonds by representing that the Trust would obtain independent third-party appraisals of the leased equipment from a professional appraiser. These independent appraisals would help ensure the residual values of the equipment at the end of the lease terms would be sufficient to repay plaintiffs' bonds. Plaintiffs allege that because the Liss defendants had a pecuniary interest in receiving commissions and other compensation from the Trust, the Liss defendants made these misrepresentations or omissions of material facts. Further, plaintiffs allege the Liss defendants were involved in a conspiracy to defraud plaintiffs and that the Liss defendants negligently breached their duties to plaintiffs.

Plaintiffs' complaint establishes that the actions or omissions of the Liss defendants as alleged in Counts XVI, XXI, XXII, and XXIII, directly or proximately caused their loss of bond interest and principal resulting from the issuer's default on the bonds. The elements of plaintiffs' damages are readily computed in a liquidated amount, and for that reason, entry of a default judgment for a specific amount of damages on plaintiffs' motion and supporting affidavits is appropriate under Federal Rule of Civil Procedure 55(b). See MOORE'S FEDERAL PRACTICE at §§ 55.12[2] and 55.20[1][b].

2. <u>Damages</u>

 (a) *Principal Amount Invested by Plaintiffs*

Plaintiffs seek damages in the amount of $8,466,141 as the difference between the total amount in principal plaintiffs invested in the bonds and the amount of principal payments plaintiffs

received from the bonds. In support of this amount, plaintiffs submitted the affidavit of Thomas B. Zetlmeisl, a Certified Public Accountant and Certified Fraud Examiner. Plaintiffs hired Mr. Zetlmeisl to perform a financial analysis examining the amount the bondholders of the Trust were paid during the period June 1995 through December 2001. Based on his calculations, the plaintiffs were paid $5,544,859 in principal. See Affidavit of Thomas Zetlmeisl ("Zetlmeisl Aff.") at ¶ 6. A total of $14,011,000 in principal face value of the bonds was issued. The difference between these numbers, $8,466,141, represents the amount of unpaid bond principal. The Court finds plaintiffs have proven their damages regarding return of the principal amount of their investments to a reasonable degree of certainty, and are entitled to these damages. The Court will award plaintiffs damages representing lost bond principal in the amount of $8,466,141.

      (b)    *Lost Bond Interest*

Based on the terms of the bonds, plaintiffs were to be paid interest of 10 percent per annum. See Zetlmeisl Aff. at ¶ 5. Interest only payments were due for three years, at which time, the principal was to be repaid in full. A total amount of $4,203,300 was owed to plaintiffs in contractual bond interest; however, only $3,904,835 was paid. See id. at ¶ 5. Therefore, plaintiffs are owed $298,465 as damages for unpaid bond interest.

      (c)    *Prejudgment Interest*

In the four counts alleged against the Liss defendants, plaintiffs seek prejudgment interest for the loss of use of their funds that were due and payable on certain dates. In computing the starting date on which plaintiffs began to accrue prejudgment interest, plaintiffs used the last date when any principal was repaid, December 11, 2001. See Zetlmeisl Aff. at Ex. A. Plaintiffs use this date as the date for beginning the computation of prejudgment interest on all unpaid bond interest and principal

although these payments were due to be paid not later than the maturity date of the bonds, and the last of the bonds would have matured in November 1998.

Plaintiffs calculated prejudgment interest based on the Missouri statutory rate of nine percent per annum under Mo. Rev. Stat. § 408.020. See Emmenegger v. Bull Moose Tube Co., 324 F.3d 616, 624 & n.9 (8th Cir. 2003) (finding federal courts exercising supplemental jurisdiction over state law claims are bound to apply the substantive state law governing prejudgment interest). Based on the conservative starting date for the accrual of interest, prejudgment interest is due from December 11, 2001 through April 10, 2008. The Court will award plaintiffs prejudgment interest calculated at nine percent per annum from December 11, 2001 through April 10, 2008 as prescribed by § 408.020. Calculated at this rate, plaintiffs' interest on their $8,764,606 in unpaid interest and principal is $4,969,532.

**D.**     **Conclusion**

Based on the foregoing, plaintiffs' motion for default judgment against defendants Jerome E. Liss and J.E. Liss & Company, Inc. is granted in the total amount of $13,734,138. This amount represents $8,466,141 in unpaid principal, $298,465 in unpaid bond interest, and $4,969,532 in prejudgment interest.

**II.**
**PLAINTIFFS' MOTION TO CERTIFY THE DEFAULT JUDGMENT AS FINAL UNDER FEDERAL RULE 54(b)**

On April 3, 2008, during the hearing on preliminary approval of the class action settlement, plaintiffs made an oral motion for reconsideration of plaintiffs' motion to certify the default judgment as final under Rule 54(b). For the following reasons, the Court will grant the plaintiffs' oral motion

for reconsideration and grant plaintiffs' motion to certify the default judgment entered against defendants Jerome E. Liss and J.E. Liss & Company, Inc. as final.

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

The decision whether to certify a judgment as final under Rule 54(b) is vested in the discretion of the district court. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956). Rule 54(b) orders should not, however, be entered routinely or as an accommodation to counsel. Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983). Certification should be granted only if there is a danger of hardship or injustice through delay that would be alleviated by an immediate appeal. Id.

The Court has entered a default judgment against the Liss defendants in the amount of $13,734,138. This judgment resolves any and all claims pending in this class action lawsuit against the Liss defendants. Plaintiffs have reached a class action settlement with the remaining defendants, and on April 3, 2008, the Court preliminarily approved the class action settlement. Finalizing the settlement will take many months; a final settlement approval hearing is not scheduled until August 28, 2008. In the interim, class counsel and additional class counsel must file motions for approval of attorneys' fees.

If the Court were not to certify the default judgment against the Liss defendants as a final judgment under Rule 54(b), this judgment would remain interlocutory and would not be subject to execution. See, e.g., International Controls Corp. v. Vesco, 535 F.2d 742, 744-45 (2d Cir. 1976)

("execution ordinarily may issue only upon a final judgment"). If the class settlement is finalized without execution on the default judgment against the Liss defendants, any potential money that could have been collected from these defendants will not be in the pool of funds available for distribution to the class with the settlement funds from the other defendants.

Additionally, the motion for approval of attorneys' fees is to be filed by June 1, 2008, before the default judgment would be final and execution could occur. Without the ability of additional class counsel to pursue immediate execution on the default judgment, the funds available for attorneys' fees will be exhausted without additional class counsel having performed one of their primary functions in this case—to pursue the class claims against the Liss defendants. See Docs. 144 and 151.

The Court finds the claims against the Liss defendants are separable from the remaining claims, which have been settled, and there is no danger of piecemeal appeals if the Court certifies the default judgment against the Liss defendants as final. Pursuant to Federal Rule of Civil Procedure 54(b) and in consideration of the judicial administrative interests and equities at issue, the Court finds that there is no just reason for delay. Plaintiffs should begin collection efforts on the default judgment as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' oral motion made during the hearing on preliminary approval of the class action settlement to reconsider the following motions: (1) plaintiffs' motion for entry of default judgment and damages against defendants Jerome E. Liss and J.E. Liss & Company, Inc.; and (2) plaintiffs' motion to certify default judgment as final is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's Order of March 13, 2008, denying without prejudice plaintiffs' motion for default judgment and denying as moot plaintiffs' motion to certify default judgment as final is **VACATED**. [Doc. 171]

**IT IS FURTHER ORDERED** that plaintiffs' motion for entry of default judgment and damages against defendants Jerome E. Liss and J.E. Liss & Company, Inc. is **GRANTED** [Doc. 159].

**IT IS FURTHER ORDERED** that plaintiffs are awarded $13,734,138 in damages against defendants Jerome E. Liss and J.E. Liss & Company, Inc. for unpaid principal, unpaid interest, and prejudgment interest.

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify the default judgment as final is **GRANTED**. [Doc. 161]

**IT IS FURTHER ORDERED** that the Court expressly determines that there is no just reason for delay and directs the Clerk of Court to enter final judgment on plaintiffs' claims against defendants Jerome E. Liss and J.E. Liss & Company, Inc.

An appropriate judgment will accompany this memorandum and order.

                                                    */s/ Charles A. Shaw*
                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of April, 2008.