UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EAST MAINE BAPTIST CHURCH, ) | |
| NORMA DUCOMMUN, SUSAN DUEVER, ) | |
| DOROTHY EARLE, JOHN SHULTHEIS, ) | |
| and COMMERCIAL MORTGAGE & ) | |
| FINANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-962 CAS |
| ) | |
| REGIONS BANK, MARSHALL & STEVENS, ) | |
| INC., MICHAEL J. DOSTER, DOSTER, ) | |
| ROBINSON, JAMES, HUTCHISON & ) | |
| ULLOM, P.C., ROBERT A. CHLEBOWSKI, ) | |
| LYNETTE A. FROWNFELTER, ) | |
| VARILEASE CORPORATION, J.E. LISS & ) | |
| COMPANY, INC., and JEROME E. LISS, ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT AND ORDER OF DISMISSAL
REGARDING DEFENDANTS REGIONS BANK, MARSHALL & STEVENS, INC.,
MICHAEL DOSTER, DOSTER, ROBINSON, JAMES, HUTCHISON & ULLOM, P.C.,
ROBERT CHLEBOWSKI AND LYNETTE FROWNFELTER**

This matter is before the Court on the application of East Maine Baptist Church, Norma Ducommun, Susan Duever, Dorothy Earle, John Schultheis and Commercial Mortgage & Finance Company (collectively "Plaintiffs") and Regions Bank (the "Bank"), Marshall & Stevens, Inc. ("M&S"), Michael Doster, Doster, Robinson, James, Hutchison & Ullom, P.C. (whose current name is Doster, James, Hutchison & Ullom, P.C.), Robert Chlebowski and Lynette Frownfelter (collectively the "Settling Defendants") for final approval of the Settlement set forth in the Stipulation of Settlement dated as of May 15, 2007 (the "Stipulation"). The Court held a hearing upon this

application for final approval of the Settlement on August 28, 2008. Due and adequate notice having been given to the Class Members, and the Court having considered the Stipulation of Settlement ("Stipulation"), all pleadings and documents filed and proceedings had in this case, and all comments received regarding the proposed Settlement, and having reviewed the entire record in the Class Action, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Court, for purposes of this Judgment and Order of Dismissal (the "Judgment"), adopts by reference all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Class Action, the Plaintiffs, the other Class Members, and the Defendants.

3. This Court confirms that, except for those counts of the Third Amended Complaint that were decertified in the Court's Order dated February 15, 2007, the claims in the Third Amended Complaint were certified as Class Action Claims and the following Persons were certified as Class Members: all Persons who, at any time between May 1, 1995 and January 1, 2001 purchased or otherwise acquired Series I Collateral Trust Bonds issued by the Arch Leasing Corporation Trust (the "Bonds") and who continue to own the Bonds; except that the following Persons are excluded from the Class Members ("Excluded Persons"): (a) Arch Leasing Corporation Trust ("ALCT") and any Person affiliated with ALCT, including, but not limited to, Arch Management Corporation, Arch Leasing Corporation, St. Louis Leasing Corporation and any of its subsidiaries, and any past or present employees of those entities; (b) any underwriter, broker or broker dealer; (c) any past or present trustees, officers or directors of any of the entities described in (a) or (b) above; (d) the spouse or children of any of the foregoing persons; and, (e) any heirs, successors, assigns and legal representatives of any Excluded Person.

4. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of the Class Action, and the Proof of Claim and Release (as provided in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Service) constituted the best notice practicable under the circumstances to apprise all Class Members of the pendency of the Class Action, the terms of the proposed settlement of the Class Action and their rights with respect to the foregoing, and afforded Class Members with an opportunity to present their objections, if any, to the Settlement and the Application for Attorneys' Fees and Expenses. The Court finds that the provision of notice to the Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

5. The Court finds that all Class Members have been adequately provided with an opportunity to remove themselves from the Class and the Settlement by executing and returning a "Request for Exclusion" in conformance with the terms of the Stipulation and its exhibits. The Court further finds that no Class Member has requested exclusion from the Settlement or the Class. A request for exclusion was sent to the Claims Administrator by Ledyard National Bank of New Hampshire but the information stated in the request clearly indicated that Ledyard National Bank was not a member of the Class and was not an agent of a member of the Class.

6. The Court approves the Settlement of the Class Action, as set forth in the Stipulation, including the releases contained therein, the relative contributions of the Settling Defendants, and all other terms as fair, just, reasonable, and adequate to all Class Members. The Plaintiffs and Settling Defendants are directed to perform in accordance with the terms of the Stipulation.

7. The Class Action and all claims contained therein, as well as the Settled Claims (as defined below) are dismissed with prejudice as to the Plaintiffs and the other Class Members, and as against the Released Parties (defined below). The Plaintiffs and the Settling Defendants are each to bear their own costs, except as otherwise provided in the Stipulation. By operation of this Judgment and under the terms of the Stipulation and the releases therein, this Judgment is intended to preclude, and shall preclude, the Plaintiffs and all other Class Members from filing or pursuing any of the Settled Claims under any federal, state or other law.

8. For purposes of this Judgment, "Settled Claims" shall collectively mean any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below) that have been or could have been asserted in any forum by any of the Class Members, or the successors or assigns of any of them, whether directly, indirectly, derivatively, representatively or in any other capacity against any of the Released Parties, which arise out of or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, or referred to, or that could have been asserted in the Class Action, including, but not limited to, claims for breach of contract, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon or related in any way to (a) the purchase, acquisition, sale, authentication, issuance or disposition of the Bonds; (b) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Class Action; (c) any claims arising out of the ALCT Indenture Agreement dated January 31, 1995; (d) the handling of the Trust Accounts referenced in the Class Action; and, (e) any matters arising out of the administration of ALCT, the administration by the Indenture Trustee (the Bank) and the sale of ALCT's assets.

9. For purposes of this Judgment, "Released Parties" means any and all of the Settling Defendants (Regions Bank, Marshall & Stevens, Inc., Doster, James, Hutchison & Ullom, P.C., Michael Doster, Robert Chlebowski, and Lynette Frownfelter), and their respective past or present

directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, law firms, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which any Settling Defendant has a controlling interest, any members of their immediate families, or any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of their family or which is or was related to or affiliated with any of Settling Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling Defendants.

      10.     "Unknown Claims" shall mean any Settled Claims which the Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her or its decision not to object to, or to opt out of, this Settlement. With respect to any and all Settled Claims, the Class Action Parties stipulate and agree that, upon the approval of the Settlement by the Court, the Plaintiffs expressly waive and relinquish, and the Class Members shall be deemed to have, and by operation of the Judgment to be entered by the Court shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The Plaintiffs and the Class Members waive any and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to section 1542 of the California Civil Code. The Plaintiffs and the Class Members may discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each of them hereby stipulate and agree that the Plaintiffs and the Class Members shall have fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, all Settled Claims that are in any way based on or related to conduct which is a breach of contract, negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledged that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

      11.     Upon the entry of the Judgment, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Parties from all Settled Claims (including "Unknown Claims"), arising out of, relating to, or in connection with the defense, or resolution of

the Class Action or the Settled Claims, whether or not such Class Member executes and delivers the Proof of Claim and Release.

12. Release of Contribution Claims: Upon the entry of the Judgment, any and all claims for contribution arising out of any Settled Claim, including, but not limited to, any claims that are based upon, arise out of or relate to the Class Action, and/or any claims that were alleged or could have been alleged in the Amended Complaint (1) by any Person against a Settling Defendant, and (2) by any Settling Defendant against any other Settling Defendant are permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, any Person, including without limitation, Liss and J.E. Liss, and each and every non-Settling Defendant (and all Persons purporting to act on his, its, or their behalf, and all Persons purporting to claim by or through him, it or them, whether under a subrogation theory or otherwise), are hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Settling Defendants any such claim for contribution, and each and every Settling Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting against any other Settling Defendant, any such claim for contribution.
In order to effectuate such Settlement, the Court hereby enters the following bar:

Any and all Non-Settling Defendants, i.e., Liss and J.E. Liss, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Party, however styled, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state, federal or common law, whether for indemnification or contribution or otherwise denominated, including, without limitation, any claim for breach of contract or misrepresentation, where the claim is based upon, arises out of, or relates to the Class Action (including any matters that were alleged in the Third Amended Complaint or could have been alleged in the Class Action), including, without limitation, any claim in which a Non-Settling Defendant, i.e., Liss and J.E. Liss, seeks to recover from any of the Released Parties (1) any amounts that Liss and J.E. Liss have paid, become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in the Class Action or any action in which one or more of the Class Members seeks a recovery on account of any matters that were alleged or that could have been alleged in the Class Action, and/or (2) any costs, expenses, or attorneys' fees that a Non-Settling Defendant has incurred or may incur in defending against any claim in the Class Action or any actions brought by any Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable (hereinafter "Barred Claims").

13. Mutual Release between Settling Defendants. Upon the entry of the Judgment, each of the Settling Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Parties, of and from any and all actions, causes of action, claims, demands, damages and suits of any kind whatsoever arising out of, in any way related to, or in connection with the purchase and administration of the Bonds or arising out of, in any way related to, or in connection with the sale and disposition of the assets of ALCT, and the claims or allegations that were asserted or could have been asserted by the Plaintiffs and/or the Settling Defendants in the Class Action.

14. The Court permanently bars and enjoins (1) all Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates, and assigns) from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Settled Claims, including, but not limited to, any claim that is based upon or arises out of the Class Action or the transactions and occurrences referred to in the Third Amended Complaint, and (2) all Persons or entities from organizing any Class Members for purposes of pursuing as purported class action any lawsuit that is based upon, arises out of, or related to any Settled Claims, including, but not limited to, any claim that is based upon, arises out of, or relates to the Class Action or the transactions and occurrences referred to in the Third Amended Complaint.

15. Only those Class Members that file valid and timely Qualifying Claims on the Proof of Claim and Release form by November 26, 2008 shall be entitled to participate in the Settlement and to receive any payments from the Paying Defendants through the Claims Administrator. The Proof of Claim and Release form to be executed by the Class Members shall release all Settled Claims against the Released Parties. All Class Members shall be bound by the releases set forth in this Judgment and on the Proof of Claim and Release form whether or not they submit a valid and timely Proof of Claim and Release.

16. The Court finds that the Stipulation represents a good faith settlement of all Settled Claims of all Class Members sufficient to discharge Settling Defendants and the Released Parties of all Settled Claims of all Class Members

17. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

18. Neither the Stipulation nor the Settlement contained therein, nor any action performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (1) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Setting Defendants; (2) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants in any civil, criminal, administrative or arbitration proceeding in any court, administrative agency or other tribunal; or, (3) shall be offered in evidence by any Person for any purpose except as provided in this paragraph. The Released Parties may file the Stipulation and/or the Judgment from this Class Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction in support of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Plaintiffs and the Settling Defendants, their respective counsel, or any Class Member may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

19. All viable class claims have been resolved, either by approved settlement under Federal Rule of Civil Procedure 23, by dismissal, or by separate default judgment. All defendants and third parties have similarly resolved all claims among and between those parties. The parties and the Court intend the judgment in this case to have adjudicated all the claims and all the parties' rights and liabilities. Nevertheless, this has been a complicated case involving many parties that was pending in two courts with multiple judges. Accordingly, this Court denies any and all remaining motions and dismisses without prejudice any and all remaining claims that have not otherwise been dismissed or otherwise resolved in this case.

20. Class Counsel, Capes, Sokol, Goodman & Sarachan, P.C., is hereby awarded Six Hundred and Fifty Thousand Five Hundred Dollars ($650,500.00) as and for its fees and expenses for services rendered in connection with the prosecution of this Class Action and for expenses incurred in connection with the prosecution of this Class Action. Said amount includes an amount for Plaintiffs' obligation to pay one-third of the fees and expenses of the Claims Administrator, which Class Counsel is hereby ordered to pay. Additional Class Counsel, Armstrong Teasdale LLP, is hereby awarded Forty-Nine Thousand Five Hundred Dollars ($49,500.00) as and for its fees and expenses for services rendered in connection with the prosecution of this Class Action and for expenses incurred in connection with the prosecution of this Class Action.

21. The Court reserves exclusive and continuing jurisdiction over the Class Action, the Plaintiffs, the Class Members, the Settling Defendants and the Released Parties for the purposes of supervising the payment of the Settlement amounts to the Class Members and any other matters.

**IT IS SO ORDERED.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of August, 2008.