**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EAST MAINE BAPTIST CHURCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-962 CAS |
| | ) | |
| REGIONS BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on named plaintiff Norma Ducommun's motion for relief from judgment and for an order allowing late filing of proof of claim. Defendant Regions Bank ("defendant" or "the Bank") opposes the motion. For the following reasons, the Court will deny the motion.

**Background**

Plaintiff Ducommun is a named plaintiff and class representative in this class action. Along with five other named plaintiffs, plaintiff Ducommun brought this action on behalf of herself and approximately 650 other purchasers of ALCT bonds to recover damages for losses they allegedly incurred on the bonds.

On February 29, 2008, the parties filed a Stipulation of Settlement ("settlement agreement") setting forth the terms of the settlement of the plaintiffs and the class against defendants. On April 29, 2008, RSM McGladrey, the Court appointed claims administrator, provided notice to the class members by mailing the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "class notice"). The first page of the class

notice lists the rights and options of class members and "**the deadlines to exercise them**." Class Notice, Doc. 179 (emphasis in original). The first deadline listed is the deadline for submitting a claim form: "**SUBMIT A CLAIM FORM BY November 26, 2008** The only way to get a payment from the settlement." Id. (emphasis in original).

As agreed by the parties in the settlement agreement, the claims administrator sent the class notice to the class using the Bank's list of bondholders dated January 17, 2001. Plaintiff Ducommun is listed on the January 17, 2001 list of bondholders as "Delaware Charter TR FBO Norma J. Ducommun IRA." Because she made two separate purchases of bonds, she is listed twice on the list of bondholders. The class action notice and claim form was mailed by the claims administrator to "Delaware Charter Tr FBO Norma J. Ducommun," c/o Prudential Securities in New York, the address on the bondholders list. The mailing was not returned to the claims administrator as "undeliverable." As stated in the class notice and claims form, the period for filing claims expired on November 26, 2008. Plaintiff Ducommun filed a claim dated January 9, 2009. If allowed, plaintiff Ducommun's late-filed claim would entitle her to a total payment of $30,125.88. The Bank would be obligated to pay 71.4% of that amount, or $21,509.88. Plaintiff's claim was denied because it was filed out of time.

Citing the "excusable neglect" analysis set out in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), plaintiff Ducommun moves the Court for an order relieving her from the final judgment in this case and for an order allowing her late filing of the proof of claim. Defendant opposes the motion, arguing that before the Court considers the equitable principles of excusable neglect, it must determine (1) that the claims period was not agreed to by the parties in the settlement agreement, and (2) that the defendants will not be prejudiced

by allowing the late claim. In any event, defendant argues that plaintiff Ducommun's neglect in failing to file her claim within the claims period is not excusable.

**Discussion**

The Supreme Court has interpreted "excusable neglect" as an "elastic concept" not limited to circumstances beyond the control of the party. Pioneer, 507 U.S. at 392.[1] In Pioneer, the Supreme Court held that whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission." Id. at 395. In making this equitable determination, the Court listed a number of relevant factors the trial court should consider: (1) the reason for the delay, including whether it was within the party's control; (2) the danger of prejudice to the non-moving party; (3) the potential impact on the proceedings; and (4) whether the party acted in good faith. Id.; see also Sugarbaker v. SSM Health Care, 187 F.3d 853, 855-56 (8th Cir. 1999) (applying factors to "excusable neglect" under Rule 6(b)).

**(1)    Reason for the Delay**

The Eighth Circuit has indicated that the reason for a party's delay is a key consideration in determining whether the party's negligence is excusable. See Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000) ("The four Pioneer factors do not carry equal weight; the excuse given for the late filing must be given greatest import."). Plaintiff Ducommun states that her delay

---

[1]In defendant's response to plaintiff Ducommun's motion and in plaintiff's reply brief, the parties brief whether the Court is allowed to modify the terms of the settlement agreement to allow a late filed claim. The Court will not address this argument, because it finds that even assuming the Court could modify the terms of the settlement agreement, plaintiff has not shown excusable neglect and is not entitled to relief.

"resulted from the Claims Administrator's mailing of Mrs. Ducommun's Notice to an incorrect address and its failure to follow its normal procedure."

As correctly noted by defendant, the class notices were addressed in the manner agreed by the parties. The settlement agreement provides in relevant part:

> 5.2     For communications with Class Members, the Claims Administrator shall use the Bank's list of Bondholders dated January 17, 2001 which lists the last known name and address of each of the Bondholders and the face amount of the Bonds owned by each of them as of January 17, 2001. If the Claims Administrator receives by return mail any of the communications sent to the Bondholders, it shall use reasonable means to locate a current address of the Bondholder listed on the returned notice and shall then use the best address of the Bondholders that it is able to determine using reasonable means.

Defendant submits the affidavit of Risa Neiman, Manager of the Claim Administration Department of RSM McGladrey, the claims administrator in this case. Ms. Neiman states that two copies of the class notice were sent to the name and address for plaintiff Ducommun as listed on the list of bondholders as of January 17, 2001. See Neiman Aff. at ¶ 4. These notices were sent on April 29, 2008 as provided by the settlement agreement, and neither of the class notices were returned as undeliverable. Id.

Plaintiff's only support for her assertion that the class notice was sent to an incorrect address is a statement in her affidavit that she attributes to Mr. Joseph Powel, a Senior Associate in the Claims Administration Department of RSM McGladrey. See Affidavit of Norma Ducommun, ¶ 8. Ms. Ducommun states that Mr. Powel told her in a telephone conversation that the notice was sent to an incorrect address. Mr. Powel, however, has filed an affidavit stating that he did not tell plaintiff Ducommun that her class notice was sent to an incorrect address. See Affidavit of Joseph Powel, ("Powel Aff.") at ¶ 4. Defendant has submitted both an affidavit from Ms. Neiman, a Manager at

4

RSM McGladrey, and Mr. Powel, a Senior Associate at RSM McGladrey. Ms. Neiman states that the class notice was sent to the name and address for Ms. Ducommun as listed on the list of bondholders as of January 17, 2001. Mr. Powel denies the statement attributed to him in plaintiff Ducommun's affidavit. For her part, plaintiff Ducommun has not contested that the class notice was properly addressed in the manner agreed to by the parties, only that Mr. Powel told her it was mailed to an incorrect address. The Court finds based on the evidence submitted that the class notice was properly addressed in the manner agreed to by the parties, and Mr. Powel's alleged statement that it was incorrectly addressed does not excuse plaintiff Ducommun's late filing of her claim. Moreover, as discussed infra, plaintiff Ducommun had actual notice of the claims filing deadline and therefore even assuming the class notice was incorrectly addressed, this would not change the Court's conclusion that plaintiff Ducommun has not established excusable neglect.

Secondly, plaintiff Ducommun states that her failure to timely file her claim was caused by the claims administrator's "failure to follow its normal procedure." Plaintiff Ducommun bases this assertion on an unsigned correspondence dated January 16, 2009 from the claims administrator, which states: "Although it is our normal procedure to try to contact all named plaintiffs to have them file a claim form, we can never guarantee that late filed claims will be accepted." In his affidavit, Joseph Powel discusses this normal procedure as follows:

> Because the policy of RSM McGladrey is to contact the named class representatives if they have not filed a claim by the claim deadline, I located a phone number for Norma J. Ducommun and in early January 2009 I contacted her regarding her failure to file a claim by the claim deadline date of November 26, 2008.

Powel Aff. at ¶ 3.

The policy of the claims administrator is simply to contact named plaintiffs if they have not filed a claim. That is exactly the procedure followed in this instance, and is precisely how plaintiff Ducommun was notified that she had not filed her claim. Implicit in plaintiff's argument is her belief that the claims administrator should have called her *before* the claims deadline to remind her to file a claim, but that does not appear to be the policy of the claims administrator. Based on the record, the claims administrator followed its policy in notifying plaintiff Ducommun.

Even if the claims administrator had some duty to contact named plaintiffs prior to the expiration of the claims deadline, which the Court does not find, and even if it had neglected this duty, this would not excuse plaintiff Ducommun's neglect in filing a late claim. As defendant argues quite tactfully, plaintiff Ducommun is a named plaintiff in this class action—one of only six named plaintiffs. As a class representative, she represents the interests of the other class members, and has a duty to vigorously and diligently pursue the lawsuit. See generally In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999) ("A named plaintiff who lacks the desire to 'vigorously pursue' the interests of potential class members is not a fair and adequate representative of the class."); Hervey v. City of Little Rock, 787 F.2d 1223, 1230 (8th Cir. 1986) ("Adequacy of representation entails the concern over whether the class representatives and their counsel will competently and vigorously pursue the lawsuit . . .") (internal quotations omitted). Vigorously pursuing the interests of the class would necessarily involve a duty to keep apprised of the status of the litigation.

In addition to being a class member, plaintiff Ducommun is represented individually by class counsel. Her attorneys, counsel for the class, certainly have a duty to keep apprised of the litigation and knew of the claims deadline. Numerous filings containing the settlement terms and the claim deadline were served on plaintiff Ducommun's attorneys in this litigation. Service on her attorneys

constitutes actual service on plaintiff Ducommun. See Fed. R. Civ. P. 5(b); see also 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1145 (3d ed.) ("The requirement in Rule 5(b) that the papers in the action be served on the attorney is to be followed literally . . . service upon a party represented by an attorney does not comply with [Rule 5(b)]"). At least four separate filings stated the claims deadline date and the settlement terms. See Doc. Nos. 166, 175, 179, and 210. As a matter of law, plaintiff Ducommun had actual notice of the claims deadline many months before its expiration. Most troubling, she was represented in this action individually by class counsel who negotiated the settlement agreement and the claims deadline. Based on the facts of this case, the Court finds it inexcusable that an individually represented named plaintiff in a class action missed the deadline for filing her claim, and only realized her error after the claims administrator (not counsel) contacted her.

### (2)    The Danger of Prejudice to the Non-Moving Party

Allowing the late filing of plaintiff Ducommun's claim would require the paying defendants (the Bank and defendant Marshall & Stevens, Inc.) to pay more than $30,000 in addition to the amounts they have already paid to settle claims and would obligate them to pay more than they agreed to pay under the terms of the settlement agreement. Defendants did not agree to pay a lump sum settlement to be divided by the number of class member claimants. The settlement agreement provides that the maximum amount the paying defendants shall pay to the bondholders in settlement is $2,100,000. As stated by defendant Bank, at the time of the settlement it was understood by all parties that the paying defendants would not pay the maximum amount of $2,100,000 because (1) the bonds were sold in 1995, more than 13 years prior to the settlement, and (2) many class members do not file claims when there is a settlement of a class action. See Affidavit of John Rasp, ¶ 6. The

paying defendants did not agree to provide a claims fund to be distributed among claimants. Rather, pursuant to the terms of the settlement agreement, the paying defendants agreed to pay for those claims filed before November 26, 2008 for the bondholders on the bondholders list dated January 17, 2001.

Not only would allowing the late filing of plaintiff Ducommun's claim prejudice the paying defendants by requiring them to pay her $30,000 claim, and thus more than they agreed to pay under the terms of the settlement agreement, but opening the claims deadline for plaintiff Ducommun would likely open the claims deadline for any class member who failed to file a claim. If the Court were to find named plaintiff Ducommun and her attorneys' neglect in failing to timely file her claim excusable when she had actual notice of the claims filing deadline, it would be difficult for the Court to find any other class member's failure to timely file a claim inexcusable. Allowing the late filing of plaintiff Ducommun's claim would open the claim filing deadline for practically any class member who missed the deadline, obligating the paying defendants to pay more claims than they agreed to pay under the terms of the settlement agreement.

### (3)      Length of Delay and Potential Impact on the Proceedings

Plaintiff Ducommun filed her claim six weeks after the filing deadline expired. Although this delay cannot be characterized as extended, even such a brief delay prejudices the paying defendants. Defendants agreed to pay only timely filed claims. See Stipulation of Settlement at ¶¶ 4.3, 5.11, 7.6. "No further contribution by any of the Settling Defendants or their insurance carriers, if any, shall be made." Id. at ¶ 4.3. Although the length of delay, in itself, is not significant, it works to prejudice the paying defendants.

## (4)    Whether the Party Acted in Good Faith

In determining whether a party has acted in good faith, the Eighth Circuit distinguishes between intentional delay or disregard for deadlines and a marginal failure to meet deadlines. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). The Court has no reason to doubt that plaintiff Ducommun's stated reasons for not timely filing her claim are credible, and there is no suggestion of any intentional delay or intentional disregard for the deadlines. As stated above, the Court would categorize her six-week delay in filing her claim as a marginal failure to meet the deadline.

In balancing the four Pioneer factors, the most important factor in the analysis, i.e., reason for delay, weighs heavily against plaintiff Ducommun. Plaintiff has provided no satisfactory excuse for her failure to timely file her claim when the class notice was properly addressed in the manner agreed by the parties and, as a class representative, she and her attorneys had actual knowledge of the claims filing deadline. Plaintiff Ducommun has not shown any reasonable basis for not complying with the claims filing deadline. Although the six-week delay in filing her claim was not necessarily an extended delay, defendant has demonstrated substantial prejudice from the delay. While there is no showing that plaintiff Ducommun acted in bad faith, this factor does not outweigh her lack of a satisfactory explanation for the late filing and the prejudice that would be suffered by defendant if she were allowed late filing of her proof of claim.

As the Eighth Circuit has stated, "at the end of the day, the focus must be upon the nature of the neglect." Lowry, 211 F.3d at 463. The Court has a difficult time comprehending how a named plaintiff in a class action litigation can be unaware of the deadline for filing a proof of claim. This is especially true where she is represented individually by class counsel, the very attorneys who

negotiated the settlement of the class action and the deadline for filing proofs of claims. The Court concludes that the nature of the neglect in this case is not of a type that merits relief under Federal Rules 6(b) and 60(b), and therefore denies plaintiff Ducommun's motion for relief from judgment and for an order allowing late filing of proof of claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Norma Ducommun's motion for relief from judgment and for an order allowing late filing of proof of claim is **DENIED**. [Doc. 214]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ____20th____ day of April, 2009.